W. H. STONE *vs.* A. HUTCHINSON.

ON EXCEPTIONS.

THIS WAS A COMPLAINT for malicious prosecution and arrest. The complaint averred an arrest on a criminal charge, but failed to show that the defendant was acquitted thereon. This Court in a former case between the same parties, substantially similar to this in allegations, held that the failure to allege and show an acquittal of the charge was fatal to the plaintiff's right to recover. This is *res adjudicata*, and the plaintiff cannot recover in this case.

Opinion of the Court by HARRIS, C. J.

Plea in bar of a former judgment between the same parties,

W. H. Stone *v.* A. Hutchinson.

based on the same facts, was sustained by the Chief Justice, holding the trial to which exceptions are taken to the Court in Banco.

The plaintiff in the present action complains that the defendant wrongfully and maliciously contriving and intending to injure, harass and distress the plaintiff, and to compel him, through fear and duress of arrest, imprisonment and criminal accusations and proceedings, to give up and relinquish to him, the said defendant, certain papers, to wit, the labor contracts of J. Nott & Co., a firm formerly conducting a sugar plantation in Kau—which labor contracts were then in the lawful custody of the plaintiff as agent and attorney in fact of the said J. Nott & Co.—heretofore, to wit, on or about the 22d day of March, A. D. 1877, went before C. A. Akau, at that time District Judge of Kau, and then and there unjustly and maliciously contriving and intending as aforesaid, and to procure the arrest and imprisonment of the plaintiff, and to harass, oppress and injure him, through fear and duress of arrest, imprisonment and criminal accusations and proceedings, to deliver up the said labor contracts in his lawful custody as aforesaid; falsely and maliciously charged the plaintiff with having committed the offense of malicious injury by taking the labor contracts aforesaid, and by instructing the laborers of J. Nott & Co. that if the defendant came they should not go to work, and that the defendant thereupon maliciously * * * caused and procured the said Judge to issue his warrant for the apprehending of the plaintiff, and for bringing him before the said Judge to be dealt with according to law for the said supposed offense; and the defendant, by virtue of the said warrant, * * * was arrested and held to bail, and on the following day was conveyed before the Judge; and there and then the defendant renewed such charge, with the further accusation that the said Nott & Co. were damaged by such malicious injury over one thousand dollars, and proceeded to the prosecution of said charge until the plaintiff, through

W. H. Stone *v.* A. Hutchinson.

fear and duress of imprisonment and criminal proceedings, was forced to give up said labor contracts, lawfully in his possession as aforesaid, and did so give up and relinquish the same; whereupon the defendant desisted from the prosecution of the said proceedings and permitted them to be discontinued, and the plaintiff to be discharged for want of prosecution. By means of which several premises the plaintiff suffered great ignominy and reproach and injury, etc.

The complaint in the former case between these parties was published in the opinion of the Court rendered as of the April term, and may be compared with the complaint in this case. There will be found an almost literal similarity and a complete substantial similarity between the two. The complaint in the first case was held by the plaintiff's counsel, the same who now represents him, to be "for malicious arrest and abuse of legal process to compel the plaintiff to give up certain papers," and the Court held that it was a complaint for malicious prosecution in the ordinary and common form, and subject to the rules of law governing such actions.

The motion at the trial was for nonsuit, or a verdict ordered for the defendant on the ground that the prosecution, which was the subject of the complaint, was not determined by a judgment in favor of the plaintiff. This being overruled, came up on exceptions, which were sustained by the Court in Banco.

Thus, it appearing that the Court has held that a complaint similar to the present, and based on the same facts, cannot be maintained, it is inevitable that the doctrine of *res adjudicata* must apply in bar. The nonsuit or verdict for the defendant was ordered on a point of law, and not upon a failure to make proof of the declaration. The Court held that the facts therein laid constituted a prosecution, and that the prosecution not having terminated by a judgment in favor of the plaintiff, but being withdrawn on a compromise. Here we have the same facts which the Court has decided to constitute a prose-

17

cution, and therefore subject to the principles governing proceedings for malicious prosecution. If the case proceeded to trial, it must be held that the action would not lie, and *in limine,* it must be held that the matter has been previously adjudicated, and must hereafter be at rest between these parties and their privies.

The plaintiff's counsel urges that this action is not for illegal arrest and imprisonment, but for a malicious abuse of legal process to extort from the plaintiff property lawfully in his possession, and that the arrest and imprisonment were mere circumstances in the proceeding complained of. We are unable to perceive the distinction. If the process of the Court had not been executed, the plaintiff could not have been coerced—he would have suffered no injury, and could have made no complaint. What he complains of in both these actions is, not that the defendant asked of the magistrate a paper warrant, but that he was arrested, imprisoned, taken before the Court and prosecuted. If this proceeding had been shown to be malicious and without probable cause, and had resulted in a judgment of acquittal, the plaintiff could have maintained his action for malicious prosecution. Without considering the first two points, the Court found by the pleadings as well as the proofs that the third essential condition was wanting. The final judgment of the Court was therefore one which went to the gist of the action. It was not a judgment of nonsuit for any defect of proof which can be repaired in a new action. It was in effect a judgment for the defendant *non obstante veredicto.* The pleadings in the matter before us disclose precisely the same case. If the declaration disclose a state of facts constituting an action for malicious prosecution, it cannot be made an action for abuse of legal process and malicious arrest by calling it such.

The plaintiff's counsel stands on Grainger *vs.* Hill, 4 Bing., cited in Bigelow on Torts, p. 184. In that case the defendants were charged with abusing the process of the law in order to obtain property to which they had no color of title, by pro-

In the Matter of the Petition of Louis Paloma *et al.* to quiet title.

curing a warrant of arrest for a debt which was not due, in order to obtain possession of a vessel's register, which, by the terms of their mortgage, was to remain in keeping of the plaintiff; and they instructed the officer if the register should be given up not to make the arrest. We distinguish that case essentially from this, as will be seen by examination of the portion of the complaint above cited.

It will not be necessary to cite authorities to show that the rule of *res adjudicata* applies here. That rule is much more extensive than is required to include this case. The declarations being identical as to every allegation, and every necessary matter having been determined in an issue of law in the former case, this action must be held to be barred.

S. B. Dole for plaintiff.

Castle & Hatch and E. Preston for defendant.

Honolulu, August 27, 1878.